(70 Misc. Rep. 584.)

### Ex parte DONNELLY.

(Supreme Court, Special Term, Kings County. February, 1911.)

HABEAS CORPUS (§ 99*)—CUSTODY OF CHILD.

Where a widow, compelled to work for a living, cannot take care of her infant child, and gives it to others for adoption by a written release, and they promise to support and educate it as their own child, but no legal adoption is accomplished, after having become able to support it, she may reclaim it on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 84; Dec. Dig. § 99;* Parent and Child, Cent. Dig. §§ 4–32.]

Application of Catherine Donnelly for writ of habeas corpus. Writ granted.

H. C. Underhill, for petitioner.
Anthony F. Tuozzo, for respondent.

---

KAPPER, J.  This writ is directed against Jennie Foos, who is alleged to have the unlawful custody of the petitioner's child, a girl about one year and nine months old.  The respondent's return to the writ is that her custody of the child is lawful, and based upon a written agreement entered into between the petitioner and the respondent and the latter's husband.  That instrument states that the petitioner, as the mother of the child, then three weeks old, does "hereby give said baby to Robert Foos and Jennie, his wife, of No. 3 Vanderveer street, Brooklyn, N. Y., for adoption by them, and I hereby promise and swear that I release all claim on said baby, now and forever; and Robert Foos and Jennie, his wife, do also promise and swear to·adopt said child, to feed and clothe it in sickness and in health, and to educate her religiously and otherwise as long as she lives unmarried, and treat her as their own born child."  Legal adoption, however, did not follow the making of the agreement.

The petitioner, in support of the writ, says that, when she gave the custody of the child to Mrs. Foos, her husband had but recently died, which left her with said infant and another child to support, and that her time was all occupied in earning a livelihood, and "for that reason your petitioner allowed the said Jennie Foos to have the custody of said child until such time as your petitioner could care for her."  She further says that she has remarried; that her husband is an engineer by occupation, and in receipt of good wages; and that both she and her husband are in good health, and able to care for and properly bring up said infant.  The facts are practically undisputed.  The respondent rests upon the agreement as furnishing a legal ground for the retention of the child, and·the petitioner's traverse to that return, as entered upon the record at the hearing, asserts that such return is insufficient in law.

A number of cases have been cited by the respondent in·support of her position, which, in effect, uphold an agreement to maintain and care for a minor child, but none of which relates to the custody and the bringing up of such child.  All of them presented the question of a claim on behalf of the child for an interest in the estate of the person who became the child's custodian by virtue of an agreement with its parents to care for it and make it an heir.  Middleworth v. Ordway, 191 N. Y. 404, 84 N. E. 291; Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927; Godine v. Kidd, 64 Hun, 585, 19 N. Y. Supp. 335. See, also, Brantingham v. Huff, 174 N. Y. 53, 66 N. E. 620, 95 Am. St. Rep. 545; Matter of Thorne, 155 N. Y. 140, 49 N. E. 661.

The question here is not as to the infant's interest in the property or estate of Mr. and Mrs. Foos, but is wholly that of the welfare of the child during infancy.

Particular stress is laid by the respondent upon Judge Vann's language in Middleworth v. Ordway, supra, at page 411 of 191 N. Y., and page 293 of 84 N. E., where he said that, "a father, unable to provide for his infant child, may transfer the custody, control, and the right to the services thereof to another."  But to this the learned judge added that such a transfer was "subject to the right of a court of equity to interfere in the interest of the child."  Where, therefore, as in this

case, the child is of very tender years, and there having been no adoption pursuant to statute, the duty of a court of equity to interfere with the agreement in the interest of the child seems to me to be presented. No doubt Mr. and Mrs. Foos have become quite fond of this child, and will care for it, if permitted to, as faithfully and lovingly as the mother. But such an agreement as was here made by her mother, considering the circumstances in which she was placed at the time, should not be held against her, when she evinces the natural desire to reobtain her child, and a willingness and an ability to care for it as well. The relation of mother and child is paramount to all other considerations here shown, and the humane and just thing to do is to give her back her child.

Writ sustained.